Scott Michelman, D.C. Bar No. 1006945 (admitted pro hac vice)
Paul Alan Levy
Public Citizen Litigation Group
1600 20th St. NW
Washington, DC 20009
(202) 588-1000
smichelman@citizen.org

Lester A. Perry, Utah Bar No. 02571
Hoole & King
4276 South Highland Drive
Salt Lake City, UT 84124
(801) 272-7556
lap@hooleking.com

*Counsel for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| JOHN PALMER and JENNIFER KULAS, <br><br> Plaintiffs, <br> v. <br><br> KLEARGEAR.com, <br><br> Defendant. | **MOTION FOR ENTRY OF DEFAULT** <br><br> Case No. 1:13-cv-00175 <br><br> Magistrate Judge Paul M. Warner |

Plaintiffs JOHN PALMER and JENNIFER KULAS hereby move that the Clerk of the Court enter default against Defendant KLEARGEAR.com pursuant to Federal Rule of Civil Procedure 55(a).

### STATEMENT OF RELEVANT FACTS AND PROCEDURAL HISTORY

On December 18, 2013, Plaintiffs filed suit against Defendants KlearGear.com and Fidelity Information Corp. Plaintiffs sought damages and declaratory relief based on five claims: a Declaratory Judgment Act claim incorporating Utah contract law and the First Amendment; the

federal Fair Credit Reporting Act; defamation; intentional interference with prospective contractual relations; and intentional infliction of emotional distress. On February 18, 2014, Plaintiffs, having reached an agreement with Fidelity, voluntarily dismissed it from the case.

Meanwhile, Plaintiffs proceeded to serve KlearGear.com, as detailed in the accompanying Declaration of Aubrey P. Broome (Broome Decl.), by: (1) mailing a copy of the summons and complaint to KlearGear.com's Michigan address as listed at the time the lawsuit was filed (2939 Wilson Avenue SW, Grandville, MI 49418-3502), (2) subsequently mailing a copy of the summons and complaint to the new Michigan address that KlearGear.com's website listed several weeks after the lawsuit was filed (2885 Sanford Avenue SW, #19886, Grandville, MI 49418-134), (3) mailing a copy of the summons and complaint to another address in Texas found on KlearGear.com's website (9901 I.H. 10 West, Suite 800, San Antonio, TX 78230), and (4) mailing a copy of the summons and complaint to the Michigan Bureau of Commercial Services with the required fee pursuant to the instructions of that office. Broome Decl. ¶¶ 3-6. These mailings were all sent via certified mail through the United States Postal Service with the receipt of mailing postmarked by the post office. *Id.*

The mailings to the original Michigan address (Wilson Avenue) and the Texas address were returned as undeliverable. *Id.* ¶¶ 3, 5. The mailing to the Sanford Avenue address apparently reached someone at KlearGear.com on January 9, 2014 and again on January 10; it was returned by the U.S. Postal Service as "refused" on those dates. *Id.* ¶ 4. Finally, the mailing to the Michigan Bureau of Commercial Services was delivered on February 10, 2014. *Id.* ¶ 6.

To notify KlearGear.com of the lawsuit as soon as possible, courtesy copies of the summons and complaint were emailed to the KlearGear.com email address from which

2

KlearGear.com had directly communicated with the plaintiffs prior to the filing of the lawsuit (legal@kleargear.com) and to a second address plaintiffs' counsel discovered for KlearGear.com (collections@kleargear.com). *Id.* ¶ 7.

KlearGear.com has never responded to the complaint and summons.

ARGUMENT

Federal Rule of Civil Procedure 55(a) provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." That standard is met here because Plaintiffs served KlearGear.com with the summons and complaint as provided under Federal Rule of Civil Procedure 4 and Michigan law (incorporated by reference into Rule 4), and KlearGear.com has not responded to the complaint within 21 days as required by Federal Rule of Civil Procedure 12(a)(1)(A)(i).

Federal Rule of Civil Procedure 4(h)(1)(A) permits service on a corporation "in the manner prescribed by Rule 4(e)(1) for serving an individual." Rule 4(e)(1), in turn, allows for service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state . . . where service is made"; here, that state is Michigan. Michigan Court Rule 2.105(D)(4)(a) provides: "Service of process on a domestic or foreign corporation may be made by . . . sending a summons and a copy of the complaint by registered mail to the corporation or an appropriate corporation officer and to the Michigan Bureau of Commercial Services, Corporation Division if . . . the corporation has failed to appoint and maintain a resident agent or to file a certificate of that appointment as required by law." This rule is applicable because undersigned Plaintiffs' counsel has been advised by the Michigan Bureau of

Commercial Services, Department of Licensing and Regulatory Affairs, that KlearGear.com does not have a registered agent in Michigan. For purposes of this rule, "registered mail" includes certified mail if the receipt of mailing is postmarked by the post office. Mich. Ct. R. 2.105(K).

In accordance with these rules, Plaintiffs "sen[t] a summons and a copy of the complaint by registered mail to the corporation" at three different addresses, and "to the Michigan Bureau of Commercial Services, Corporation Division" (pursuant to the instructions of and with the fees required by that office). Mich. Ct. R. 2.105(D)(4)(a). KlearGear.com received the summons and complaint at its Sanford Avenue address on January 9 and 10, 2014. Though it "refused" to accept them, the Michigan rule does not require that the corporation accept them, just that they be sent to the corporation. The Michigan Bureau of Commercial Services received the summons and complaint (along with the fee that office requires) on February 10, 2014. Therefore, under Federal Rule of Civil Procedure 12(a)(1)(A)(i), Defendant KlearGear.com had until March 3, 2014 (21 days after February 10, 2014) to respond. It did not do so.

## CONCLUSION

Because Defendant KlearGear.com has failed to respond to the complaint and summons within the allotted time under the Federal Rules of Civil Procedure, the clerk should enter a default against it under Rule 55(a).

Dated: March 7, 2014          /s/ Scott Michelman
                                          Scott Michelman, D.C. Bar No. 1006945 (admitted pro hac vice)
                                          *Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

      I hereby certify that on March 7, 2014, I served the foregoing MOTION FOR ENTRY OF DEFAULT, DECLARATION OF AUBREY P. BROOME, and PROPOSED DEFAULT CERTIFICATE on Defendant KlearGear.com pursuant to Federal Rule of Civil Procedure 5(b)(2)(C), by causing a copy to be mailed via the U.S. Postal Service, first-class, postage prepaid, to the defendant at its last known address:

KlearGear.com
2885 Sanford Ave. SW #19886
Grandville, MI 49418-1342

Dated: March 7, 2014      /s/ Scott Michelman
      Scott Michelman, D.C. Bar No. 1006945 (admitted pro hac vice)
      *Counsel for Plaintiffs*