Scott Michelman, D.C. Bar No. 1006945 (admitted pro hac vice)
Paul Alan Levy
Public Citizen Litigation Group
1600 20th St. NW
Washington, DC 20009
(202) 588-1000
smichelman@citizen.org

Lester A. Perry, Utah Bar No. 02571
Hoole & King
4276 South Highland Drive
Salt Lake City, UT 84124
(801) 272-7556
lap@hooleking.com

*Counsel for Plaintiffs*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| JOHN PALMER and JENNIFER KULAS,<br><br>    Plaintiffs,<br>    v.<br><br>KLEARGEAR.com,<br><br>    Defendant. | **MOTION FOR DEFAULT JUDGMENT**<br><br>Case No. 1:13-cv-00175<br><br>Magistrate Judge Paul M. Warner |

Plaintiffs JOHN PALMER and JENNIFER KULAS hereby move for a default judgment against Defendant KLEARGEAR.com pursuant to Federal Rule of Civil Procedure 55(b)(2).

STATEMENT OF RELEVANT FACTS AND PROCEDURAL HISTORY

On December 18, 2013, Plaintiffs filed suit against Defendants KlearGear.com and Fidelity Information Corp. Plaintiffs sought damages and declaratory relief based on five claims: a Declaratory Judgment Act claim incorporating Utah contract law and the First Amendment, the federal Fair Credit Reporting Act (FCRA), defamation, intentional interference with prospective

contractual relations, and intentional infliction of emotional distress. Doc. 2. On February 18, 2014, Plaintiffs, having reached an agreement with Fidelity, voluntarily dismissed it from the case. Doc. 7. Despite having served KlearGear.com, Plaintiffs have received no response from KlearGear.com to their complaint. Decl. of Scott Michelman ¶¶ 2-3. On March 7, 2014, Plaintiffs moved for an entry of default as to KlearGear.com. Doc. 8. Plaintiffs' supporting declaration explained when and how service was accomplished. Doc. 8-1. The Clerk entered KlearGear.com's default on March 11, 2014. Doc 9.

## ARGUMENT

Federal Rule of Civil Procedure 55(b)(2) provides that a party must apply to the court for a default judgment when the claim is not for a sum certain. Here, in addition to costs and attorneys' fees, plaintiffs have sought "compensatory damages, consisting of plaintiffs' economic, emotional, and consequential damages in an amount to be proven at trial," as well as statutory damages under the FCRA and punitive damages under the FCRA and common law. Plaintiffs have also sought a declaratory judgment. *See* Doc. 2, Relief Requested.

Because KlearGear has defaulted, plaintiffs are entitled to a default judgment on all claims.

As relief, this Court should immediately award plaintiffs' requested declaratory judgment "that John Palmer does not now, and never did, owe KlearGear or any other party any money based on KlearGear's 'non-disparagement clause' or any money based on John Palmer's failure to make any payment allegedly owing under that clause or John Palmer's dispute that he owed any money under that clause." *Id.* In addition, this Court should schedule a hearing in order to determine the amount of damages. *See* Fed. R. Civ. P. 55(b)(2)(B).

2

The hearing should be at least 7 seven days after defendant is served with written notice. *See id.* Allowing an additional week to ensure notification, Plaintiffs request that a hearing on damages be set for no earlier than April 2, 2014. For the Court's convenience, Plaintiffs' counsel note that, based on their court schedules and pre-paid vacations, they are unavailable on the following dates during the next three months: April 4, April 14 through April 30, May 1, May 4, and May 29 through June 12.

Because neither KlearGear.com nor its counsel has entered an appearance, plaintiffs are serving a copy of this motion on KlearGear.com by regular U.S. mail to its last known address, pursuant to Federal Rule of Civil Procedure 5(b)(2)(C). Out of an abundance of caution, plaintiffs are also sending a courtesy copy via email to KlearGear.com's last known email address, legal@kleargear.com, and to the Michigan Bureau of Commercial Services (Department of Licensing and Regulatory Affairs) – Corporations Division, P.O. Box 30054, Lansing, MI 48909.

## CONCLUSION

Because KlearGear.com has defaulted, the Court should enter a default judgment against it under Rule 55. The judgment should find KlearGear.com liable on all counts and issue the requested declaratory judgment. The Court should set a hearing under Rule 55(b)(2)(B) to determine damages.

Dated: March 19, 2014        /s/ Scott Michelman
                                          Scott Michelman, D.C. Bar No. 1006945 (admitted pro hac vice)
                                          *Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

      I hereby certify that on March 19, 2014, I served the foregoing MOTION FOR DEFAULT JUDGMENT, DECLARATION OF SCOTT MICHELMAN, and PROPOSED ORDER on Defendant KlearGear.com pursuant to Federal Rule of Civil Procedure 5(b)(2)(C), by causing a copy to be mailed via the U.S. Postal Service, first-class, postage prepaid, to the defendant at its last known address:

KlearGear.com<br>
2885 Sanford Ave. SW #19886<br>
Grandville, MI 49418-1342

      Additionally, although not required by the Federal Rules of Civil Procedure, I emailed the foregoing MOTION FOR DEFAULT JUDGMENT, DECLARATION OF SCOTT MICHELMAN, and PROPOSED ORDER to Defendant KlearGear.com at its last known email address, legal@kleargear.com, and sent a copy of each document to be served by the Michigan Bureau of Commercial Services (Department of Licensing and Regulatory Affairs) – Corporations Division, P.O. Box 30054, Lansing, MI 48909, as provided under Michigan Court Rules.

Dated: March 19, 2014        /s/ Scott Michelman
                                      Scott Michelman, D.C. Bar No. 1006945 (admitted pro hac vice)
                                      *Counsel for Plaintiffs*