Scott Michelman, D.C. Bar No. 1006945 (admitted pro hac vice)
Paul Alan Levy
Public Citizen Litigation Group
1600 20th St. NW
Washington, DC 20009
(202) 588-1000
smichelman@citizen.org

Lester A. Perry, Utah Bar No. 02571
Hoole & King
4276 South Highland Drive
Salt Lake City, UT 84124
(801) 272-7556
lap@hooleking.com

*Counsel for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| JOHN PALMER and JENNIFER KULAS,<br><br>                              Plaintiffs,<br><br>          v.<br><br>KLEARGEAR.com,<br><br>                              Defendant. | **MOTION FOR ATTORNEYS' FEES**<br><br>Case No. 1:13-cv-00175<br><br>Judge Dee Benson |

Pursuant to 15 U.S.C. § 1681n(a)(3) and this Court's Order of June 27, 2014 (Doc. 17), Plaintiffs JOHN PALMER and JENNIFER KULAS hereby move for an award of attorneys' fees against Defendant KlearGear.com.

### Discussion

The Court has already found that, because Plaintiffs are prevailing parties, "'the costs of the action together with reasonable attorney's fees as determined by the court,' 15 U.S.C. § 1681n(a)(3), shall be awarded to Plaintiffs upon Plaintiffs' motion." Doc. 17. As described in

greater detail in the attached declarations, Plaintiffs seek attorneys' fees for the time expended in efforts to investigate the case, research the law, prepare and file the complaint, ensure proper service, move successfully for entry of default and default judgment, and appear before the Court to present testimony on damages.

Plaintiffs' attorneys base the number of hours spent on each task on contemporaneously-recorded entries in their respective timekeeping systems. Plaintiffs' attorneys have exercised billing judgment by excluding from their request various categories of time, such as time spent on co-counsel agreements, time investigating the possibility of suing additional defendants, time speaking with another potential plaintiff who did not end up becoming part of the case, time spent speaking with credit reporting agencies, and time consulting with potential co-counsel in jurisdictions other than the District of Utah.

Although Michelman and Levy work for Public Citizen Litigation Group (PCLG), a non-profit organization, the Supreme Court has held that plaintiffs, even when represented pro bono, may recover fees at the full hourly rates set by the market for the relevant community. *Blum v. Stenson*, 465 U.S. 886, 895 (1984). The hourly rate sought for Michelman's work, $360, is (as explained in greater detail in his declaration) based on counsel's experience and on the "Laffey matrix" used by the federal courts in the District of Columbia to determine hourly rates in cases in which a fee-shifting statute permits the prevailing party to recover reasonable attorneys' fees. *See, e.g., Smith v. District of Columbia*, 466 F. Supp.2d 151, 156 (D.D.C. 2006); *Brown v. Pro Football, Inc.*, 846 F. Supp. 108, 114, *rev'd on other grounds*, 50 F.3d 1041 (D.C. Cir. 1995). The hourly rate sought for the work of Michelman's PCLG colleague Paul Alan Levy, $510, is calculated on the same basis. As documented in the declarations and attachments,

the total number of hours is 115.4 for Michelman and 4.8 for Levy. For 115.4 hours at $360, Plaintiffs seek $41,544 for Michelman's work. For 4.8 hours at $510, Plaintiffs seek $2,448 for Levy's work. In addition, as documented in the Michelman declaration and exhibits 4 and 5 thereto, Plaintiffs incurred $899.56 in expenses for airfare and hotel in connection with the June 25 hearing. (A bill of costs, covering court fees, is being separately filed.) The total request for the fees and expenses incurred by PCLG and its attorneys is $44,891.56 ($41,544 plus $2,448 plus $899.56).

The hourly rate sought for Perry's work, $330, is (as explained in greater detail in his affidavit) based on his 35 years of experience in commercial litigation and consumer protection litigation. As documented in Perry's affidavit, Plaintiffs also seek a rate of $100 for the work of Perry's paralegal, and expenses for copying, postage, telephone, and Westlaw. The total request for the fees and expenses incurred by Lester Perry and his firm Hoole & King is $2,705.30.

Adding these numbers, Plaintiffs' total request is $47,596.86.

## Conclusion

For the foregoing reasons and on the basis of the declarations of attorneys Michelman, Levy, and Perry and the exhibits thereto, this Court should award Plaintiffs $47,596.86 in attorneys' fees and expenses.

Respectfully submitted,

Dated: July 24, 2014

/s/ Lester Perry
Lester Perry

/s/ Scott Michelman
Scott Michelman (admitted pro hac vice)

*Counsel for Plaintiffs*

3

**CERTIFICATE OF SERVICE**

      I hereby certify that on July 24, 2014, I served the foregoing MOTION FOR ATTORNEYS' FEES (and accompanying declarations and exhibits and proposed order) on Defendant KlearGear.com pursuant to Federal Rule of Civil Procedure 5(b)(2)(C), by causing a copy to be mailed via the U.S. Postal Service, first-class, postage prepaid, to the defendant at its last known address:

KlearGear.com
2885 Sanford Ave. SW #19886
Grandville, MI 49418-1342

      I have also caused the same to be mailed via the U.S. Postal Service, first-class, postage prepaid, to the defendant at the address now listed on its website:

KlearGear.com
427 North Tatnall Street
Wilmington, DE 19801-2230

Dated: July 24, 2014

                                        /s/ Scott Michelman
                                        Scott Michelman (admitted pro hac vice)
                                        *Counsel for Plaintiffs*